THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES H. GUNN, Defendant-Appellant.

Third District   No. 3—91—0559

Opinion filed November 24, 1992.

Judith L. Libby, of State Appellate Defender's Office, of Springfield, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

Following a jury trial, the defendant, James H. Gunn, was convicted of two counts of perjury (Ill. Rev. Stat. 1991, ch. 38, par. 32—2). He was subsequently sentenced to a 42-month prison term. The sole question on review is whether the trial court erred in not declaring a mistrial when one of the polled jurors, who may have been in tears, answered in the negative when asked whether the verdict was his.

The record shows that a guilty verdict signed by all the jurors was returned by the jury. After the verdict was read, the defendant requested that the jury be polled. The following exchange then took place:

"THE COURT: All right, the Clerk is going to poll you. What she's going to say to you individually she's going to call your name out and she's going to say something like was this

and is this your verdict. You must answer either yes or not [*sic*].

The Clerk: Judith Line were these and are these now your verdicts?

Juror: Yes.

The Clerk: Jason Bergraph was [*sic*] these and are these now your verdicts?

Juror: No. I don't know what—

THE COURT: All right, I'm not going to do anything at this time. What I'm going to do is I'm going to send you back and let you discuss again for a little while as to what you want to do and then you let me know where you are after you have had some time. All right, we'll send everything back.

\* \* \*

Defense Counsel: I don't know if the Court noticed was Mr. Bergraph when, I mean he was in tears here when he was going back to the Jury room and I don't know if a mistrial might not be in order.

The Prosecutor: It could be that he misunderstood the question asked to him.

THE COURT: Yes. I'm not sure. That's why I didn't want to pry into it. I didn't want him, to ask if he misunderstood my question or if he understood it and had second thoughts or I wanted to give him time to think about it and decide with the other Jurors as to exactly what he wanted to do. If he comes back out twenty minutes or whatever it might take and says no that's not my verdict then we'll have to go from there."

After further deliberations, the jury returned to the court and again returned guilty verdicts on both counts of perjury. This time, no dissent was expressed by any of the jurors during the polling of the jury.

The purpose of polling is to afford the juror the opportunity, free from the influences of the jury room, to express whether or not he assents to the verdict. (*People v. Kellogg* (1979), 77 Ill. 2d 524, 397 N.E.2d 835.) When polling the jury, the trial judge must be careful not to hinder a juror's expression of dissent. (*People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220.) However, the trial judge must also be careful not to make the polling process another arena for deliberations. If a juror indicates some hesitancy or ambivalence in his answer, then the trial court must ascertain the juror's present intent by affording the juror the opportunity to make an unambiguous reply as to his present state of mind. Once the trial judge determines that a

juror dissents from the verdict, then the proper remedy is for the trial judge to either direct the jury to retire for further deliberations or to discharge it. (*People v. Kellogg* (1979), 77 Ill. 2d 524, 397 N.E.2d 835; *People v. Lark* (1984), 127 Ill. App. 3d 927, 469 N.E.2d 728.) A trial judge's determination of the voluntariness of a juror's assent to the verdict will not be set aside unless it is clearly unreasonable. *People v. Cabrera* (1987), 116 Ill. 2d 474, 508 N.E.2d 708.

We agree with the State that the trial court did not abuse its discretion in this matter. Bergraph apparently dissented from the verdicts. The trial court made clear in its response to Bergraph that, following further deliberations with the other jurors, Bergraph was free to let the court know where he stood on the verdict. Further questioning of Bergraph in open court might have tainted the rest of the jurors. After further deliberations, the second polling indicated the jurors' unequivocal assent to their verdicts. Under these circumstances, we hold that the remedy chosen by the trial court was proper.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.